UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Libertarian Party of Connecticut**,
*Plaintiff*

*v.* No. 3:15-cv-1851 (JCH)

**Denise Merrill, Secretary of the State of Connecticut**,
*Defendant*

**Plaintiff's Supplemental Brief**

At oral argument on the plaintiff's motion for a preliminary injunction [ECF # 19], the Court inquired about the Libertarian Party's standing to bring this suit, an issue that was not discussed in the briefing on the motion. The Party respectfully submits this supplemental brief to address two points in greater detail. First, the Party's intent to use out-of-state circulators, and the Secretary's intent to set aside any petitions gathered by them, creates an injury-in-fact sufficient to challenge Connecticut's in-state circulator requirement prior to gathering signatures. Second, the Party need not include a circulator as a plaintiff in this case because the Party's speech rights, in addition to the circulator's, are in fact restricted by the residency requirement.

**I.   The Libertarian Party Has Standing to Challenge the Circulator Residency Restriction.**

Like all plaintiffs in the federal courts, those challenging a speech restriction must demonstrate that they have suffered an injury that is attributable to the defendant and will be redressed by a favorable judgment. *E.g., Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015). However, a plaintiff need not wait to have its speech restricted before it will be deemed to have suffered an injury. A free speech plaintiff such as the Libertarian Party "satisfies the injury-in-fact requirement where [it] alleges an intention to engage in a course of conduct . . . proscribed by a statute, and there

1

exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (internal quotation omitted).  A credible threat of enforcement—whether civil or criminal–does not require certainty, but "only . . . an actual and well-founded fear that the law will be enforced" against the plaintiff. *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 382 (2d Cir. 2000).

Applying these principles, the Supreme Court in *Susan B. Anthony List* found that two advocacy groups suffered an injury-in-fact where they pleaded an intent to engage in future speech that could trigger an Ohio law restricting allegedly false statements about elected officials' voting records. *Susan B. Anthony List*, 134 S. Ct. at 2340.  Further, the Second Circuit, as well, has held that an organization's intent to engage in certain future advocacy created a well-founded fear that it would be deemed a political committee, triggering allegedly speech-restrictive reporting requirements. *National Organization for Marriage v. Walsh*, 714 F.3d 682, 685-86, 689 (2d Cir. 2013).[1]

The Libertarian Party of Connecticut is in precisely the same position.  First, it intends to "engage in a course of conduct . . . proscribed by a statute." *Susan B. Anthony List*, 134 S. Ct. at 2342 (internal quotation omitted).  The Party has a candidate for this year's presidential election, Decl. of Andrew Rule [ECF # 21-1] ¶ 2, for whom it must gather signatures in order to secure a ballot spot.  *See* Verified Am. Compl. [ECF # 15] ¶ 17 (listing races for which the Party need not petition, not including the presidential election).  The Party wishes to begin gathering signatures at this time,

---

[1] Precedent in other circuits is to the same effect. The Fifth Circuit recently found pre-enforcement standing in plaintiffs whose "past enthusiastic participation in the political process" affirmed the likelihood of future speech that would subject them to challenged reporting requirements. *Justice v. Hosemann*, 771 F.3d 285, 291 (5th Cir. 2014).  The Ninth Circuit found the same injury-in-fact to plaintiffs who alleged that they "plan[ned] in the future to circulate petitions to place certain referendum measures on statewide or local ballots," and hence would become obligated to comply with speech-chilling disclosure requirements. *American Civil Liberties Union of Nevada v. Heller*, 378 F.3d 979, 984 (9th Cir. 2004).

owing to the short window that Connecticut law provides for the process. *Id.* ¶ 32. The Party wishes to use out-of-state circulators to do so; however, the combination of Conn. Gen. Stat. §§ 9-453e and 9-453*o* forbid it from doing so. Rule Decl. ¶ 3. Like the plaintiffs in *Susan B. Anthony List* and *National Organization for Marriage*, the plaintiff's averred intention to engage in speech prohibited by the statutes it challenges suffices to establish injury in fact.

The Libertarian Party also has "an actual and well-founded fear that the law will be enforced" against it. *Vermont Right to Life*, 221 F.3d at 382. As her counsel explained at oral argument, the Secretary of State reads Conn. Gen. Stat. § 9-453*o*(a)'s use of the phrase "may not" to be mandatory, and will disqualify all petitions gathered by out-of-state circulators. Thus, if the Party uses the out-of-state circulators that it wishes to use, enforcement against it is assured. The Party therefore has an injury-in-fact sufficient to confer standing in this action.

Moreover, the Libertarian Party would act at its peril if it did not seek pre-enforcement relief from § 9-453e. *See, e.g., Susan B. Anthony List*, 134 S. Ct. at 2347 (pre-enforcement First Amendment challenge ripe where "denying prompt review would impose a substantial hardship on petitioners, forcing them to choose between refraining from core political speech on the one hand, or engaging in that speech and risking costly Commission proceedings . . . on the other"). The Fourth Circuit's decision in *Perry v. Judd* illustrates the point. In that litigation, then-Texas governor Rick Perry filed a declaration of presidential candidacy in Virginia and immediately began gathering signatures using both in- and out-of-state circulators. 471 Fed. App'x 219, 222 (4th Cir. 2012). But, Perry did not file suit to contest the state's ban on out-of-state circulators until four months later, after the state disqualified enough of Perry's

signatures to prevent him from appearing on the primary ballot. *Id.* Perry sought a mandatory injunction forcing his inclusion on the ballot, which was denied because Perry "waited too long to file, and the doctrine of laches bar[red] [his] claim." 840 F. Supp. 2d 945, 960 (E.D. Va. 2012). The Fourth Circuit turned aside Perry's emergency request for an injunction, explaining that his "cognizable injury occurred no later than . . . the day on which he declared his candidacy for President. At that point, the . . . residency requirement prevented him from using non-Virginian petition circulators," and he had standing to sue for relief. 471 F. App'x at 224. By waiting four months *after* that point to file suit, Perry "delayed inexcusably or unreasonably in filing suit," the court concluded. *Id.* (internal quotation omitted).

The Libertarian Party of Connecticut does not wish to find itself in the same situation. The time to adjudicate the Party's motion for a preliminary injunction is now.

## II.    A Circulator is Not a Necessary Plaintiff

The Court inquired of both parties at oral argument whether a circulator is a necessary plaintiff in this dispute. As counsel indicated, the answer is no.

In *Meyer v. Grant*, which established that bans on paid circulators fail strict scrutiny review, the plaintiffs were not circulators. They were the initiators of "a petition to amend the Colorado Constitution" who "wished to pay other individuals to circulate the petitions." 828 F.2d 1446, 1447 (10th Cir. 1987) (en banc). In striking the paid circulator prohibition, the Tenth Circuit explained that the speech diminution was suffered by the plaintiffs–and not their intended proxies, the paid circulators–because the plaintiffs' use of paid circulators served to "advance the plaintiffs' own political expression for the ballot measure." *Id.* at 1457. The Supreme Court affirmed, treating the case as a straightforward challenge to the plaintiffs' speech rights without making

4

any distinction between the plaintiffs and their intended circulators. 486 U.S. 414, 420 (1988).

Similarly, in *Buckley v. American Constitutional Law Foundation*, which struck down requirements that circulators be registered voters and wear identification badges, the plaintiffs included non-circulators. 525 U.S. 182, 187 n.1 (1999). They included a "public interest organization that supports direct democracy," the chair of the Colorado Libertarian Party, as well as the "statewide petition coordinator for the Colorado Hemp Initiative," and the court did not make any distinction between them and the circulators when addressing the registration requirement. *Id.* at 194 (agreeing with the lower court's observation that the registration requirement "produces a speech diminution of the very kind produced by the ban on paid circulators at issue in *Meyer [v. Grant]*.").

The lower courts have also adjudicated residency challenges without circulator plaintiffs. In *Nader v. Brewer*, the Ninth Circuit struck down Arizona's residency requirement as "a severe burden" on the speech rights of a third party candidate and one of his supporters, without any circulators as plaintiffs. 531 F.3d 1028, 1031, 1036 (9th Cir. 2008). The Sixth Circuit held that the same candidate, as the lone plaintiff, had standing to challenge Ohio's residency requirement because Nader "was denied the use of the circulators of his choice." *Nader v. Blackwell*, 545 F.3d 459, 472 (6th Cir. 2008).

In addition, the Tenth Circuit in *Chandler v. City of Arvada* adjudicated a challenge by members of the public who planned "to use nonresident circulators to secure the number of signatures necessary to place a measure on the ballot." 292 F.3d 1236, 1239 (10th Cir. 2002). The court did not fault the plaintiffs for filing suit without a circulator, and instead concluded that the plaintiffs' intended use of non-resident circulators was an example of core political speech. *Id.* at 1241. Likewise, the Seventh

5

Circuit in *Krislov v. Rednour* held that a plaintiff class consisting solely of "candidates whose nominations to a primary election ballot ha[d] or w[ould] be challenged on the basis of" Illinois's circulator residency requirement had standing to file suit. 226 F.3d 851, 857 (7th Cir. 2000). The court concluded that the plaintiffs suffered cognizable injury because they were "limited in the choice and number of people to carry their message to the public" by operation of the statute. *Id.*

The same result should follow here. The Libertarian Party of Connecticut is the entity wishing to convey its message of small government to potential voters. Verified Am. Compl. ¶ 5. It plans to engage out-of-state circulators to do so. Therefore, the speech restrictions wrought by Connecticut's circulator residency requirement fall on the Party no less than on intended circulators.

### III. Conclusion

Because the Libertarian Party has standing to challenge Connecticut's circulator residency restriction before it is enforced against the Party, and because the speech consequences of the restriction fall upon the Party, this Court possesses the authority and ability to adjudicate the Party's motion for a preliminary injunction.

*Libertarian Party of Connecticut*
January 25, 2016


/s/ Stanley A. Twardy, Jr.
Stanley A. Twardy, Jr. (ct05096)
satwardy@daypitney.com
One Canterbury Green
201 Broad Street
Stamford, CT 06901
(203) 977-7300
(203) 977-7301 (fax)

and

Daniel E. Wenner (ct27852)
*dwenner@daypitney.com*
John W. Cerreta (ct28919)
*jcerreta@daypitney.com*
Daniel J. Raccuia (ct29535)
*draccuia@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103
(860)275-0100
(860) 275-0343 (fax)

and

    /s/ Dan Barrett
Dan Barrett (# ct29816)
ACLU Foundation of Connecticut
330 Main Street, 1st Floor
Hartford, CT 06106
(860) 471-8471
dbarrett@acluct.org

7

**Certificate of Service**

I certify that on January 26, 2016, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>　/s/ Dan Barrett　</u>
Dan Barrett (# ct29816)
ACLU Foundation of Connecticut
330 Main Street, 1st Floor
Hartford, CT 06106
(860) 471-8471
dbarrett@acluct.org