UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LIBERTARIAN PARTY OF CONNECTICUT,** | : | |
| *Plaintiff*, | : | |
| v. | : | Civil No. 3:15-cv-1851-JCH |
| **DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT,** | : | |
| *Defendant*. | : | CWl WUV'; .'4016 |

## JUDGMENT AND ORDER

The Court having considered the claims of the Plaintiff, Libertarian Party of Connecticut, in a preliminary injunction hearing on January 21, 2016 and having granted Plaintiff's motion for preliminary injunction on January 26, 2016, (Docket No. 26), it finds that entry of the Parties' Proposed Judgment and Order is appropriate. The Court has concluded that the challenged petitioning statutes, which require that petition circulators in Connecticut be residents of the State of Connecticut, contravene the Plaintiff's First Amendment rights. The Court has also determined that the loss of First Amendment rights of Plaintiff constitutes an irreparable injury, that the balance of equities favors an injunction, and that an injunction is in the public interest.

In light of this Court's conclusion of unconstitutionality of a portion of Conn. Gen. Stat. § 9-453e that requires a petition circulator to be a resident of Connecticut, and related statutes; and upon the agreement of all parties to this action, the Court enters the following stipulated judgment and order set forth below:

1. Defendant is enjoined from applying only that portion of Conn. Gen. Stat. § 9-453e that prohibits non-Connecticut residents from serving as circulators. Defendant shall enforce the

remaining requirements of such section as they relate to United States citizenship, age and felony status.

2. Defendant is enjoined from applying only that portion of Conn. Gen. Stat. § 9-453j that requires nominating petitions to contain a certification that the circulator is a Connecticut resident. Defendant shall enforce the remaining requirements of such section as they relate to circulator eligibility and authenticity of the signatures on the nominating petition page.

3. Defendant is enjoined from applying only that portion of Conn. Gen. Stat. § 9-453k(a) that would prohibit the Defendant, her agents, or any person in active concert or participation with Defendant and her agents from accepting nominating petitions that do not contain the certification as to Connecticut residency required by § 9-453j. Defendant shall enforce the remaining requirements of §§ 9-453k(b) through (d) as they relate to the circulator's statement as to eligibility and authenticity of the signatures on each nominating petition page as well as the remaining requirements of such section.

4. Defendant is enjoined from applying only that portion of Conn. Gen. Stat. § 9-453o(a) that requires the Defendant to reject any nominating petition that does not contain the certification as to Connecticut residency required by § 9-453j. Defendant shall reject any nominating petition page that does not contain the remaining certifications as outlined in such section. Defendant shall enforce the remaining requirements of §§ 9-453o(b) through (c).

5. The parties agree that a requirement that a circulator of a nominating petition submit to the jurisdiction of the State of Connecticut is consistent with Plaintiff's rights protected by the First Amendment. The Libertarian Party of Connecticut agrees to use its best efforts to ensure that persons or entities it retains to circulate nominating petitions on its behalf understand and agree to subject themselves to the jurisdiction of the State of Connecticut regarding any case or

controversy arising out of activities while circulating nominating petitions on behalf of the Libertarian Party of Connecticut.

**SO ORDERED.**

Dated this ;ÿj day of Cwi wuv, 2016, at New Haven, Connecticut.

                               """"""""""lul'LcpgvÉE0J cm
                               Janet C. Hall
                               United States District Judge